Cohn v. Wolf, 202 Ill. App. 225.

2. NEGLIGENCE, § 191*—*when negligence of driver of wagon in injuring child is question for jury.* In an action for the death of a child four years old which was run over by a dump wagon which was attached to a sprinkling wagon, where it appeared that the driver of the sprinkling wagon was seated upon a high seat in such a position that he might have seen, had he looked, what a crowd of children were doing at the time of and just before the accident; that the horses were walking, and that the driver did in fact see these children as he approached them, *held* that it was a question for the jury to determine whether the driver might have anticipated that any one of these children would, under the circumstances, do as deceased did and by the exercise of reasonable care could have avoided the accident.

---

### Abraham Cohn, Defendant in Error, v. I. Wolf, Plaintiff in Error.

### Gen. No. 22,491.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Action by Abraham Cohn, plaintiff, against I. Wolf, defendant, to recover damages to the premises of plaintiff, which had been rented to defendant, as the result of chopping wood therein, tearing off wall paper, knocking holes in the plastering and breaking the woodwork. From a judgment for plaintiff for $56, defendant brings error.

GEORGE B. COHEN, for plaintiff in error.

No appearance for defendant in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 197*—*when evidence sufficient to sustain verdict for damage to premises.* In an action by a landlord against a tenant for damage to the premises sustained as the result of the tenant chopping wood in the premises, tearing off wall paper, knocking holes in the plastering and breaking the woodwork, evidence *held* sufficient to sustain a verdict for plaintiff.

2. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence will not be disturbed.* Where there is a sharp and apparently irreconcilable conflict in the testimony, the Appellate Court will not disturb the conclusion reached by the jury.

## The People of the State of Illinois, Defendant in Error, v. Clyde Travis, Plaintiff in Error.

### Gen. No. 22,083. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH H. HOPKINS, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed December 18, 1916.

## Statement of the Case.

Proceeding by information by the People of the State of Illinois against Clyde Travis, defendant, charging him with knowingly causing, aiding and encouraging the delinquency of a female child under the age of eighteen years. To review a conviction, the defendant prosecutes a writ of error.

BEAUREGARD F. MOSELEY, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.